DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
Ph (702) 222-9999
Fax (702) 383-8741
danielle@decastroverdelaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
ALEXANDRA J. MONSON
(Cal. Bar No. 324794, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
amonson@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANIMAL WELLNESS ACTION, a non-profit corporation, CANA FOUNDATION, a non-profit corporation, THE CENTER FOR A HUMANE ECONOMY, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, and the<br><br>*Defendants*. | CASE NO. 3:22-cv-00034-MMD-CLB<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD AND FOR LEAVE OF COURT TO TAKE LIMITED DISCOVERY** |

## I. INTRODUCTION

Defendants' opposition papers ("Defs.' Br.") do little to call into question Plaintiffs' arguments that qualifying deliberative materials either need to be included in the record or identified on a privilege log if they're being withheld, and that Plaintiffs' failure to act claim and non-APA claims allow, and in fact necessitate, this Court to look beyond the administrative record—whether by supplementation or limited discovery or otherwise. The Ninth Circuit has squarely ruled on these issues to permit the Court to grant Plaintiff's Motion.

## II. ARGUMENT

### A. BLM's administrative record is incomplete.

The BLM wants this Court to find that an agency's deliberative documents are not part of the record. However, caselaw in the Ninth Circuit cannot support such a sweeping protection to agencies. In general, the deliberative process privilege allows agencies to "withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 44 L. Ed. 2d 29, 95 S. Ct. 1504 (1975)). The Ninth Circuit has held that this deliberative process privilege is a qualified one and "[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.*

Using this logic, the district court in *Kalispel Trie of Indians & Spokane Cty. v. United States DOI* reasonably found that:

> The very existence of a deliberative process privilege undermines the Defendants' position that as a matter of law deliberative materials are outside the administrative record. If deliberative materials were not part of the record, there would be no need for the privilege. Further, the fact that the privilege is qualified rather than absolute, suggests that the agency does not have unilateral power to excise material from the record without some sort of record and review.

*Kalispel Trie of Indians & Spokane Cty. v. United States DOI*, No. 2:17-CV-0138-WFN, 2018

U.S. Dist. LEXIS 229141, at *5-6 (E.D. Wash. Mar. 8, 2018). The court went on to find that the whole record includes all materials and documents considered by the agency, regardless of the deliberative nature, and any withheld documents must be asserted in a privilege log. *Id.*

The BLM argues that the Ninth Circuit's decision in *Portland Audubon Society*, and its citation to *Mothers for Peace*, suggest that deliberative materials are not part of the administrative record at all. Defs.' Br. at 7-8. This argument is inconsistent with the caselaw and fails for several reasons. Indeed, *Mothers for Peace* did not hold that all assertedly deliberative materials must be categorically excluded from the record. *San Luis Obispo Mothers for Peace v. United States NRC*, 252 U.S. App. D.C. 194, 789 F.2d 26, 44-45 (1986) (only denying request to supplement the record with two closed meeting transcripts and further finding that "[t]here may be cases where a court is warranted in examining the deliberative proceedings of the agency.").

While it is true that the Ninth Circuit has not yet decided "whether assertedly deliberative documents must be logged and examined or whether the government may exclude them from the administrative record altogether." *Trump v. United States Dist. Of N. Cal.* (*In re United States*), 875 F.3d 1200, 1210 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443, 199 L. Ed. 2d 351 (2017). District courts in the circuit have found that deliberative materials can be properly part of the record. *Id.* ("[M]any district courts within this circuit have required a privilege log and *in camera* analysis of assertedly deliberative materials in APA cases."). For example, "[c]ourts in the Northern District of California have consistently required agencies seeking to assert deliberative process privilege to produce a privilege log." *Ctr. for Envtl. Health v. Perdue*, No. 18-cv-01763-RS, 2019 U.S. Dist. LEXIS 145073, 2019 WL 3852493, at *3 (N.D. Cal. May 6, 2019). They find that the "government is wrong to assert that [deliberative] materials, as a categorical matter, should be excluded from the universe of materials directly or indirectly considered by agency decision-makers." *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 U.S. Dist. LEXIS 5642, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (internal quotation marks omitted).

In any event, the Ninth Circuit has further required a privilege log detailing assertions of

privilege for allegedly deliberative materials. *See In re United States*, 875 F.3d at 1210. In *In re United States*, the plaintiffs sought to include in the record omitted emails, memoranda, meeting minutes, materials considered by subordinates, and various communications. *Id.* at 1206-07. The Ninth Circuit held that it was not clear error for the district court to "require a privilege log and evaluate claims of privilege on an individual basis before including documents in the record." *Id.* at 1210. The Court should at least require that BLM identify deliberative materials withheld alongside the claimed privilege in a privilege log.

The BLM does not dispute that this Court held deliberative materials are properly considered part of the record in *Bartell Ranch*, but rather tries to differentiate the case by saying the defendants in *Bartell Ranch* admitted that deliberative materials were omitted. Defs.' Br. at 9. However, BLM cannot, and in fact does not, affirmatively state that deliberative materials *were not* withheld from the administrative record in this case and BLM has not shed any light on its process for compiling the record. *Id.* at 9-10. In fact, BLM goes so far as to say that "BLM's record here is more than sufficient without deliberative materials[.]" However, that is not the standard. The "whole record" includes everything that was before the agency pertaining to the merits of its decision; not just enough to be "sufficient." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989). "An incomplete record must be viewed as a 'fictional account of the actual decision-making process.'" *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (quoting *Home Box Office, Inc. v. Federal Communications Comm'n,* 567 F.2d 9, 54 (D.C. Cir. 1977)).

Specifically, Plaintiffs have asked that the Court compel Defendants to complete the record by adding "all internal communications, including deliberative materials and agency directives, explaining the agency's decision to conduct the 2022 Gather without first preparing an HMAP or a proper environmental assessment for the Pancake Complex." Pls.' Mot. at 6. Plaintiffs have "reasonable, non-speculative grounds" that documents meeting this description were considered by the agency because these very issues were raised by public comments on the Gather-EA and BLM responded to the comments. Several comments point out that the Gather-

EA is not the appropriate environmental assessment document for the proposed gather because the scope is too broad for a single gather, yet too narrow for an HMAP. *See* AR03382 ("The EA addresses issues outside the scope of 'gather,' yet it restricts input on subjects outside the scope of 'gather.' The document lacks clarity of intention as discussed in the APA, FLMPA, NEPA, etc."); AR03185 ("If the document is, in fact, a management plan relating to any activity outside the scope of the 'gather,' the error must be rectified, and the appropriate process followed for inclusion of such actions. BLM must craft a Herd Management Area Plan (HMAP)."); AR02111 ("the BLM only conducted an internal scoping with an interdisciplinary team on April 20, 2020. The BLM did not conduct an external scoping period for this specific action"). In response to these comments, BLM states that the Gather-EA "proposes an implementation decision to make progress toward achieving LUP goals and objectives which may include identifying and setting objective for herd composition, and habitat needs, site-specific population management actions." AR03660. The Final Gather-EA also cites 43 CFR 4710.4 and quotes its language that "[m]anagement shall be at the minimum level necessary to attain the objectives identified in approved land use plans *and* herd management area plans." AR03505. Plaintiffs seek any documents, communications, or directives that were before the BLM and were directly or indirectly considered when it responded to comments and made the decision that preparing an HMAP was not necessary prior to the Gather-EA and 2022 Gather. This request includes the state directive in Nevada by former Nevada State Director Amy Lueders regarding the preparation of HMAPs in Nevada in 2015 or 2016, which was then rescinded in 2017. These documents were before the agency and likely considered when it made its decision not to prepare an HMAP and instead to prepare the Gather-EA.

        **B.**      **Supplementation of the Administrative Record Is Necessary.**

            1.      <u>Failure to Act Claim</u>

The BLM mischaracterizes Plaintiffs' failure to act claim to argue that the failure to act claim and the arbitrary and capricious claim are "premised on the same theory of violation." Defs.' Br. at 15 (quoting *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d. 535, 538-39 (D.D.C.

2021). Plaintiffs' failure to act claim, brought under 5 U.S.C. § 706(1), seeks an order compelling BLM to prepare an HMAP for the Pancake Complex, as the BLM does not have discretion to ignore its mandatory duty to prepare an HMAP prior conducting any herd management activities. Am. Compl. ¶ 119. Whereas Plaintiffs' arbitrary and capricious claim brought under 5 U.S.C. § 706(2)(A), alleges that BLM's *decision to conduct the 2022 Gather* without first preparing an HMAP for the Pancake Complex was arbitrary, capricious, an abuse of discretion, and contrary to the law. *Id.* at ¶ 128. In the failure to act claim, "there is no final agency action to demarcate the limits of the record." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). Whereas in the arbitrary and capricious claim, demarcation of the record surrounding the decision to conduct the specific 2022 Gather is possible, and in this case, BLM used the Gather-EA as its final agency action to conduct the Gather.

By way of example, the BLM's failure to act in preparing the mandatory HMAP this Court may find an agency position statement from the promulgation of 43 CFR 4710.4 in 1986 compelling. *See* 43 CFR 4710.4 ("Management shall be at the minimum level necessary to attain the objectives identified in approved land use plans and herd management area plans."). However, this agency position statement would not be, and in fact is not, included in the record of BLM's decision to conduct the 2022 Gather. This is exactly why the Ninth Circuit in *San Francisco BayKeeper*, *Friends of the Clearwater*, and *Babbitt* held that in failure to act cases, courts may look beyond the administrative record. *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002); *Friends of the Clearwater*, 222 F.3d at 560; *Independence Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997). This Court has even allowed discovery in failure to act claims. *Sierra Club v. U.S. Dep't of Transp.*, 245 F. Supp. 2d 1109, 1119 (D. Nev. 2003) (allowing discovery where the requested information is necessary to fairly adjudicate an agency's failure to act). Like the plaintiff in *Sierra Club,* Plaintiffs must be able to take the deposition of the BLM's person most knowledgeable and obtain the requested documents to fairly adjudicate Plaintiffs' failure to act claim.

Though BLM does not dispute that it has not prepared an HMAP for the Pancake

Complex, any of BLM's alleged justifications and official statements regarding such duty and its failure to act are highly relevant. BLM tries to rely on a District Court for the District of Columbia case to say that "[n]othing in the statutory text distinguishes the scope of record review based on whether the claim is directed at agency action or inaction." Defs.' Br. at 16. However, the Ninth Circuit has ruled on this issue and found that "[j]udicial review of an agency's actions under § 706(1) for alleged delay has been deemed an exception to the 'final agency decision' requirement" and have therefore allowed supplemental evidence since "there is no official statement of the agency's actions and relevant justifications." *Babbitt*, 105 F.3d 511-12.

2. <u>Non-APA Claims</u>

The BLM argues that Plaintiffs' First Amendment claim "fundamentally overlaps" with their APA claims and therefore discovery is unnecessary. Defs.' Br. at 18. This argument lacks merit. Plaintiffs' APA claims are about the preparation of an HMAP for the Pancake Complex and the decision to conduct the 2022 Gather. Plaintiffs' First Amendment claim arises from BLM's illegal restrictions on Plaintiffs' right to view the wild horse gather, including the temporary and short-term holding corrals, during the 2022 Gather.

When the factual allegations between the APA claims and the constitutional claims are different, the claims do not fundamentally overlap. *California v. United States Dep't of Homeland Sec.*, No. 19-cv-04975-PJH, 2020 U.S. Dist. LEXIS 57540, at *68-69 (N.D. Cal. Apr. 1, 2020). Further, courts have allowed discovery when "the administrative record is limited to the [a]gency's rulemaking process and sheds no light on" the constitutional violations. *Id.* at *70.

Here, the administrative record contains no evidence of BLM's restrictions on viewing the Gather, including the holding corrals. The BLM tries to argue that "the relevant inquiry before the Court is whether any restriction to future access in the Pancake Complex is narrowly tailored to the overriding interests of safety and efficacy" and that "[t]he current record produced by the agency is more than sufficient for the Court to make a decision." Defs.' Br. at 19. This is incorrect, as the injuries Plaintiffs' sustained during the last Gather are clearly relevant to

whether Defendants' violated Plaintiff's constitutional right. In this Court's Order Denying Plaintiffs' Motion for a Preliminary Injunction (ECF No. 24), the Court found that "it is not clear whether the restrictions on access to the holding corral are "narrowly-tailored," rendering this issue of fact ripe for judicial review. Order at 17. There is nothing in the record, moreover, depicting or describing the restrictions on access. Plaintiffs simply must be able to present evidence to the Court of the constitutional injuries Plaintiffs sustained due to the BLM's behavior at the Gather. If not through supplementation of the record, Plaintiffs respectfully request the right to submit declarations in support of their First Amendment claim, setting forth the injuries they sustained last year.

### III.  CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Complete and Supplement the Administrative Record and for Leave of Court to take Limited Discovery.

DATED: February 24, 2022                     Respectfully Submitted,

*s/ Alexandra J. Monson*

Jessica L. Blome
(Cal. Bar No. 314898, admitted pro hac vice)
Alexandra Monson
(Cal. Bar No. 324794, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
amonson@greenfirelaw.com

Danielle M. Holt
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
(702) 222-9999
danielle@decastroverdelaw.com

*Attorneys for Plaintiffs*