UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA LEIGH, *et al.*, <br><br> Plaintiffs, <br> v. <br> JON RABY, NEVADA STATE DIRECTOR OF THE BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00034-MMD-CLB <br><br> ORDER |

## I.   SUMMARY

This action arises from a U.S. Bureau of Land Management ("BLM") gather of wild horses in eastern Nevada. Plaintiffs[1] argue that BLM violated the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, *et seq.*, and the National Environmental Policy Act of 1969, 42 U.S.C. § 4321, *et seq.*, through the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"). (ECF No. 31.) Plaintiffs further argue that BLM infringed their First Amendment right to observe the gather by unlawfully obstructing their access. (*Id.* at 25-26.) The Court previously denied Plaintiffs' motion for a temporary restraining order and preliminary injunction. (ECF No. 24.) Before the Court is Plaintiffs' motion to complete and supplement the Administrative Record ("AR") and for leave of Court to conduct limited discovery.[2] (ECF No. 48 ("Motion").) As further explained below, the Court will grant in part, and deny in part, the Motion.

///

---

[1] Laura Leigh, Wild Horse Education, Animal Wellness Action, CANA Foundation, and The Center for a Humane Economy.

[2] Defendants the Department of Interior, BLM, and Jon Raby filed a response (ECF No. 49) and Plaintiffs filed a reply (ECF No. 50).

## II. BACKGROUND

The Court incorporates by reference the background included in its order denying Plaintiffs' motion for a temporary restraining order and preliminary injunction. (ECF No. 24 at 2-7.) Following that order, Plaintiffs filed the operative first amended complaint. (ECF No. 31 ("FAC").) The Court also incorporates by reference Plaintiffs' summary description of their claims in their FAC. (ECF No. 48 at 2-3.) The parties participated in case management proceedings before United States Magistrate Judge Carla L. Baldwin. (ECF No. 41.) In pertinent part, she stated, "that discovery in this case will be limited to the Administrative Record." (*Id.* at 1 (hearing minutes).) She later granted a stipulation suspending the merits briefing schedule until the Court resolves the Motion. (ECF No. 46.) Meanwhile, Defendants filed the first version of the AR in December 2022. (ECF No. 44.)

## III. DISCUSSION

As noted, Plaintiffs seek to compel completion and expansion of the version of the AR Defendants filed, and also seek discovery on some of their claims. (ECF No. 48.) The Court accordingly divides its discussion to correspond to Plaintiffs' requests, after first discussing the legal principles that apply to its analysis.

The Motion primarily requires the Court to consider the proper scope and contents of the AR. "The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis and citation omitted). The general rule is that "that courts reviewing an agency decision are limited to the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (citation omitted). But the United States Court of Appeals for the Ninth Circuit recognizes four exceptions to this general rule. *See id.* at 1030. These exceptions "are narrowly construed and applied" to foreclose improper de novo review of agency decisions. *Id.* Parties may not use extra-record evidence "as a new rationalization either for sustaining or attacking [an] [a]gency's decision." *Ass'n of Pac. Fisheries v. E.P.A.*, 615 F.2d 794, 811-12 (9th Cir. 1980). Thus, rather than expand the scope of

evidentiary review, "these limited exceptions operate to identify and plug holes in the administrative record." *Lands Council*, 395 F.3d at 1030. And parties seeking to expand the scope of review bear a "heavy burden to show that the additional materials sought are necessary to adequately review" an agency's decision. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

### A. Completion of the AR

Plaintiffs first ask the Court to require Defendants to complete the AR with deliberative materials—and produce a corresponding privilege log—along with some documents Plaintiffs allege Defendants considered, specifically the Gold Rock Mine Project FEIS and documents that discuss a hearing on the use of motorized vehicles such as helicopters in wild horse and burro gathers. (ECF No. 48 at 4-8.) Defendants counter that deliberative documents are not properly part of the AR, the Court should not require a privilege log because the AR comes with a presumption of completeness, and the specific documents that Plaintiffs would like added to the AR were not before BLM at the time of the challenged decision. (ECF No. 49 at 5-14.) The Court agrees with Plaintiffs as to the deliberative documents and privilege log, but Defendants as to the specific documents.

Starting with the specific documents, Plaintiffs do not address in reply Defendants' argument that they did not consider these documents at the time they made the challenged decision. (*Compare id.* at 9 n.3, 10 n.4 *with* ECF No. 50.) The Court accordingly cannot—and does not—find that Defendants should supplement the AR with them because there is apparently no dispute that Defendants did not consider them. *See Thompson*, 885 F.2d at 555 (specifying that the AR "consists of all documents and materials directly or indirectly considered by agency decision-makers"). Plaintiffs' Motion is therefore denied to the extent it seeks inclusion in the AR of the Gold Rock Mine Project FEIS and documents that discuss a hearing on the use of motorized vehicles such as helicopters in wild horse and burro gathers.

///

However, the Court agrees with Plaintiffs that Defendants must supplement the AR with any documents withheld as deliberative, but not subject to the deliberative process privilege, and produce a privilege log documenting any withheld documents. As Plaintiffs argue, the Court found in an order on administrative record motions in *Bartell Ranch LLC v. Ester M. McCullough*, Case No. 3:21-cv-00080-MMD-CLB, ECF No. 155 at 4-6 (D. Nev. Dec. 27, 2021) that BLM had to complete the administrative record with any documents withheld as deliberative, and file a privilege log with the Court. The Court made several points in that decision that apply with equal force here. *See id.* First, some deliberative documents should logically be included in the AR because it consists of all documents directly or indirectly considered by the agency when it made its decision. *See id.* Second, judicial review is rendered ineffective if the agency can take the position that deliberative documents are simply not part of the administrative record. *See id.* Third, without a privilege log, neither the Court nor the plaintiff(s) can even tell what the agency has withheld and why. *See id.* For all these reasons—the reasons provided in the *Bartell Ranch* order—the Court agrees with Plaintiffs that Defendants must complete the AR within 60 days with any documents withheld as deliberative, and simultaneously produce a privilege log noting any documents withheld under the deliberative process privilege (or for any other reason) that BLM directly or indirectly considered in the review process culminating in the Pancake Complex Gather Plan Environmental Assessment ("EA"). *See Ctr. for Env't Health v. Perdue*, Case No. 18-CV-01763-RS, 2019 WL 3852493, at *3 (N.D. Cal. May 6, 2019) ("Courts in the Northern District of California have consistently required agencies seeking to assert deliberative process privilege to produce a privilege log.").

### B. Expansion of the AR

One of Plaintiffs' main allegations in this case is that Defendants should have prepared a Herd Management Area Plan ("HMAP") instead of the EA they prepared before proceeding with the gather. (ECF No. 31 at 22-24.) They argue it was arbitrary and capricious that Defendants did not prepare a HMAP (*see id.* at 23-24), but also have an APA failure to act claim arguing that Defendants must have prepared a HMAP before

proceeding with the gather (*see id.* at 22-23). As to the Motion, Plaintiffs argue that Defendants must expand the AR with documents regarding Defendants' decision not to prepare a HMAP before conducting the gather because they have a failure to act APA claim. (ECF No. 48 at 8-10.) Plaintiffs further argue Defendants must expand the AR with documents, photos, and videos regarding restrictions on public viewing of the gather because they have a First Amendment claim, and Defendants did not include many documents pertinent to this claim in the AR. (*Id.* at 10-12.) In addition, Plaintiffs argue Defendants must expand the AR with post-decision documents, specifically documents relevant to evaluating the safety and efficacy of the gather, because Defendants included several post-decision documents in the AR. (*Id.* at 12-13.)

Defendants persuasively respond to Plaintiffs' arguments based on their claim that BLM had to prepare a HMAP before the gather—but did not—that they do not dispute the fact that they never prepared a HMAP before the gather. (ECF No. 49 at 16.) "Thus, the court needs only these basic facts and the law to issue its decision on whether BLM violated the WHBA by not issuing a HMAP before the 2022 Gather." (*Id.*) The Court agrees with Defendants on this point. The Court does not need to order expansion of the AR to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather—the Court must simply make a call on the law. Said otherwise, Plaintiffs' arguments as to BLM's failure to prepare a HMAP do not carry Plaintiffs' "heavy burden to show that the additional materials sought are necessary to adequately review" Defendants' decision. *See Fence Creek Cattle Co.*, 602 F.3d at 1131. Moreover, as Defendants also argue (ECF No. 49 at 15), it "makes little sense" for the Court to "apply different standards of review to different claims, even though they are premised on the same theory of violation." *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 538-39 (D.D.C. 2021). The Court accordingly rejects Plaintiffs' arguments for expansion of the AR based on their contention that BLM should have prepared an HMAP, regardless of what claim they divide those arguments into.

///

As to Plaintiffs' arguments based on the existence of their First Amendment Claim, Defendants counter that there is already sufficient information in the AR for the Court to adjudicate the claim on the merits, highlighting specific documents in the AR. (ECF No. 49 at 18-20.) In reply, Plaintiffs do not specifically address any of the documents (with AR citations) that Defendants mention in their response, instead soldiering on with their argument that there is nothing in the record that would permit the Court to evaluate this claim. (ECF No. 50 at 7-8.) Because Plaintiffs do not address the specific documents Defendants point to in their response in reply, Plaintiffs' argument regarding its First Amendment claim is unpersuasive. Indeed, it appears to be inaccurate.

That said, Plaintiffs make the reasonable offer in their Motion and again in reply that they would be content with submitting declarations regarding their members' experiences attempting to observe the gather. (ECF No. 48 at 11-12, 50 at 8.) Defendants reference a BLM employee's declaration, but do not otherwise list any declarations from Plaintiffs or their members as included in the AR. (ECF No. 49 at 18-20.) Thus, Plaintiffs' perspective on the gather appears to be missing from the AR. The Court needs Plaintiffs' perspective on their experience of trying to observe the gather to fairly adjudicate their First Amendment claim. And the Court may consider such extra-record evidence in its evaluation of Plaintiffs' First Amendment claim. *See W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) ("we may consider evidence outside the administrative record for the limited purposes of reviewing" a party's non-APA claim). The Court accordingly permits Plaintiffs to submit declarations describing their or their members' experiences attempting to observe the gather attached as exhibits to their merits brief limited in scope to Plaintiffs' First Amendment claim. Defendants may similarly submit declarations with their merits response brief and cross-motion limited in scope to Plaintiffs' First Amendment claim.

That brings the Court to Plaintiffs' request to complete the AR with post-decision records. (ECF No. 48 at 12-13.) The Court regards this request skeptically because "exceptions to the normal rule regarding consideration of extra-record materials only apply

6

to information available at the time, not post-decisional information." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018) (quoting *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012)). Moreover, Defendants counter that they only included post-decisional documents in the AR that are both relevant only to Plaintiffs' First Amendment claims and because they agreed to. (ECF No. 49 at 20-21.) Plaintiffs do not specifically address Defendants' explanation in reply. (ECF No. 50 at 7-8.) The Court views this non-response as a concession that Defendants' explanation is accurate. The Court accordingly denies Plaintiffs' Motion to the extent it seeks an order further expanding the AR to include more post-decision documents than it already contains.

### C. Discovery

Plaintiffs finally seek limited discovery on their writ of mandamus, APA failure to act, and First Amendment claims because they argue the Court's review of those three claims is not limited to the AR. (ECF No. 48 at 13-14.) Defendants generally counter that discovery would not be appropriate throughout their response, and note that Plaintiffs previously made—but Judge Baldwin rejected—the same argument earlier in this case. (ECF No. 49; *see also id.* at 21 n.11.) The Court agrees with Defendants. Plaintiffs appear to have the support they need to make their merits arguments from the information already contained in the AR. Indeed, the information Plaintiffs seek through discovery—information about BLM's historic interpretation of some of its regulations and about the gather itself—is already available to Plaintiffs through the contents of the current AR and law they are free to cite in their merits briefs. In addition, as stated *supra*, Plaintiffs may supplement their opening merits brief with declarations regarding their First Amendment claim. Accordingly, Plaintiffs' Motion is denied to the extent it seeks leave to conduct discovery.

### IV.  CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines

that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion to complete and supplement the administrative record and for leave to conduct limited discovery (ECF No. 48) is granted in part, and denied in part, as specified herein.

It is further ordered that Defendants must complete the administrative record with deliberative materials as specified herein and file that completed version of the administrative record along with a privilege log for any documents deemed subject to the deliberative process privilege or otherwise withheld from the completed version of the administrative record within 60 days of the date of entry of this order.

DATED THIS 30th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE