# EXHIBIT F

# 49 Fed Reg



Tuesday
December 18, 1984

# Part IV

## Department of the Interior

**Bureau of Land Management**

43 CFR Part 4700
Protection, Management, and Control of Wild Free-Roaming Horses and Burros; Revision of Existing Regulations; Proposed Rule

## DEPARTMENT OF THE INTERIOR

### Bureau of Land Management

### 43 CFR Part 4700

**Protection, Management, and Control of Wild Free-Roaming Horses and Burros; Revision of Existing Regulations**

**AGENCY:** Bureau of Land Management, Interior.

**ACTION:** Proposed rulemaking.

**SUMMARY:** This proposed rulemaking revises the provisions on wild free-roaming horses and burros in Part 4700 to reduce the regulatory burden on the public, to clarify the management procedures of the Bureau of Land Management as they affect the public, to remove unnecessary self-regulating provisions, and to arrange the regulations by subject.

**DATE:** Comment period expires February 19, 1985. Comments received or postmarked after this date may not be considered in the decisionmaking process on a final rulemaking.

**ADDRESS:** Comments should be sent to: Director (140), Bureau of Land Management, 1800 C Street, NW., Washington, D.C. 20240.

Comments will be available for public review in Room 5555 of the above address during regular business hours (7:45 a.m. to 4:15 p.m.), Monday through Friday.

**FOR FURTHER INFORMATION CONTACT:** John S. Boyles, (202) 653-9215.

**SUPPLEMENTARY INFORMATION:** This proposed rulemaking completely revises Part 4700 of Title 43 of the Code of Federal Regulations. The regulations are completely reorganized to group provisions on the same subject into the same subpart. Redundant sections, obsolete definitions and provisions, and terms or provisions not authorized by law have been removed. Changes have been made to ease cumbersome and burdensome requirements on the public as much as possible, and provisions not affecting the public have been removed, to be included in the Manual of the Bureau of Land Management (BLM) where appropriate.

In the proposed rulemaking, §§ 4700.0-1, 4700.0-2 and 4700.0-6 have been rewritten to describe purpose, objectives and policy more specifically, and to inform the public of the bases for procedures and requirements contained in the regulations. The proposed rulemaking states as a matter of policy that the authorized officer, in administering the program, shall consult with Federal and State wildlife agencies and all other affected interests. Because this policy applies to all aspects of the wild free-roaming horse and burro program, the requirement for consultation has been removed from all other sections of the proposed rulemaking as a needless duplication. Amendments are proposed in the Definitions, § 4700.0-5, to clarify the meaning of some terms used in the regulations, to remove definitions that duplicate text contained elsewhere in the Part, and to remove terms whose use is obsolete or not authorized, or that are self-explanatory. The term "free-roaming" has been removed from several definitions and other provisions referring to "wild horses and burros," and is used in this proposed rulemaking to refer only to animals remaining at large and not in private maintenance.

The proposed rulemaking removes provisions that give procedural guidance and instruction to BLM personnel and do not affect the public. Any such provisions that contain information that may be useful to the public have been incorporated in the proposed rulemaking in the appropriate sections. Pertinent removed provisions will be included in the BLM Manual.

The proposed rulemaking amends existing Subpart 4730 as new Subpart 4710 to link the management of wild free-roaming horses and burros with the Bureau's planning system; to identify precisely the lands that will be considered for wild horse and burro management; to require that hard management area plans be prepared for all herd management areas; to allow the authorized officer to protect wild horses and burros and their habitat by closing certain lands to all or particular kinds of livestock grazing or by removing unauthorized livestock; to require that public lands inhabited by wild horses and burros be closed to grazing by domestic horses and burros; and to allow private landowners to maintain wild horses and burros on their land, so long as the animals are not enticed or removed to such land and are not detained there.

Subpart 4720 of the proposed rulemaking states the circumstances under which straying or excess wild horses and burros are to be removed from public and private lands, and the procedures for removing them.

The proposed regulations are reorganized and consolidated by subject matter. Although four new subparts—Destruction of Wild Horses and Burros, and Disposal of Carcasses (Subpart 4730), Motor Vehicles and Aircraft (Subpart 4740), Private Maintenance (Subpart 4750), and Compliance (Subpart 4760)—have been added, consolidation of the regulations and the elimination of unnecessary, unauthorized and obsolete provisions have reduced the length and complexity of the regulations. The new subparts incorporate the existing rules to the extent that they remain applicable, and add language where necessary to clarify requirements. For example, in Subpart 4740, explicit standards for vehicles are set forth to ensure the safe transport of wild horses and burros both by BLM personnel and by members of the public obtaining the animals for private maintenance.

New Subpart 4750 expands the existing regulations to incorporate all the requirements for private maintenance and adoption of wild horses and burros, including the requirement for adoption fees, qualification standards, conditions for the care and treatment of animals being maintained privately, and the replacement, under certain conditions, of animals that die during private maintenance.

Proposed Subpart 4730 consolidates the existing regulations on destruction of certain wild horses and burros and makes clear the limitations on methods of destruction. Section 4730.2, Disposal of Carcasses, is designed to avoid conflicts between Federal practices and State or local sanitation laws. The provision prohibiting receipt of compensation by a person disposing of a carcass is not intended to prohibit the sale of horse products by rendering plants, but rather only to prohibit the sale of animals to such plants and to discourage their slaughter for consumptive use.

The proposed regulations are written to alleviate regulatory burdens on persons who privately maintain wild horses and burros. The existing regulations, at § 4740.4-2(f), require the adopter to obtain a written statement from a veterinarian within 7 days of the death of an adopted animal. The proposed rulemaking would require only that the adopter notify the authorized officer within 7 days of the discovery of the death, escape or theft of an animal. The authorized officer then has discretion to investigate the circumstances of death and is required to investigate escape or theft. This modified provision will be less costly to the adopter and will encourage the adopter to report problems promptly. By starting the notification period on the date of discovery, the proposed rulemaking adds flexibility to cover cases where the problem is not discovered within 7 days of its occurrence, for whatever reason.

Section 4740.5(a) of the existing regulations limits the transfer of title to four animals per year per applicant. Section 4750.5(a) of the proposed rulemaking allows adopters credit for humane treatment of animals during the years before title was first offered in 1980. By accumulating credit for care at the rate of four horses or burros per year, an adopter can obtain title to more than four animals in the current year based on proper care of animals maintained privately during the 1970's. The limit is four animals for each year of such care.

Section 4740.5(b) of the proposed rulemaking modifies the requirement in § 4740.5(b) of the existing regulations for a veterinarian's certification that privately maintained horses and burros are receiving proper care and treatment. It allows such certification to be made by any qualified person, such as a cooperative extension agent, humane officer or the authorized officer of the Bureau of Land Management. Such officials are equally capable of providing the necessary certificate, and may be more familiar with the individual animal. The new process may be more convenient and less expensive for the adopter.

The proposed rulemaking deletes certain requirements not supported by law. References to "problem animals," a requirement that slaughterhouses retain title for 1 year after slaughtering, a prohibition of accepting an animal for slaughter without a Certificate of Title, and a provision that a private landowner may request that the BLM remove wild horses and burros only from fenced land, have all been eliminated. There is no reference in the law to "problem animals"; there is no legal justification for Federal control of animals once title passes; and a Federal District Court in Oregon has ruled that the requirement that animals shall be removed by the Federal Government only from fenced private land is unsupported by law, and that slaughterhouses need not obtain a Certificate of Title.

The principal author of this proposed rulemaking is John S. Boyles, Division of Wild Horses and Burros, assisted by the staff of the Office of Legislation and Regulatory Management, Bureau of Land Management.

It is hereby determined that this rulemaking does not constitute a major Federal action significantly affecting the quality of the human environment and that no detailed statement pursuant to section 102(2)(C) of the National Environmental Policy Act of 1969 (42 U.S.C. 4332(2)(C)) is required. The Department of the Interior has determined that this document is not a major rule under Executive Order 12291 and that it will not have a significant economic effect on a substantial number of small entities under the Regulatory Flexibility Act (5 U.S.C. 601 et seq.). A limited number of veterinarians, cooperative extension agents and human officials may be insignificantly affected by the rulemaking. The certification required for adopters to receive title is needed on a nonrecurring basis. The changes allow adopters flexibility in choosing the official from whom they obtain a certification, resulting in some cost-savings. Adopters are required to pay a fee to obtain the animals and to provide information to show their ability to provide humane transport, facilities and care for the animals. An insignificant number of individuals may be deterred from participating by the fee or qualification standards for humane care.

Information collection requirements for Applications for Adoption of Wild Horse(s) or Burro(s) and for Applications for Title to Wild Horse(s) and Burro(s) have been approved by the Office of Management and Budget and assigned clearance numbers 1004-0042 and 1004-0046, respectively. Additional information collection requirements contained in this proposed rulemaking, relating to requests for removal of strayed animals from private land (§ 4720.2-1), and applications for private maintenance of 4 or more wild horses or burros (§ 4750.3-3), have been submitted to the Office of Management and Budget for review.

List of Subjects in 43 CFR Part 4700

Advisory committees, Aircraft, Intergovernmental relations, Penalties, Public lands, Range management, Wild horses and burros, Wildlife.

Under the provisions of the Act of September 8, 1959 (18 U.S.C. 47), the Act of December 15, 1971, as amended (16 U.S.C. 1331-1340), the Federal Land Policy and Management Act of 1976 (43 U.S.C. 1701 et seq.) and the Act of June 28, 1934, as amended (43 U.S.C. 315), it is proposed to amend Part 4700, Subchapter D, Chapter II, Title 43 of the Code of Federal Regulations as set forth below:

GROUP 4700—WILD FREE-ROAMING HORSE AND BURRO MANAGEMENT

PART 4700—PROTECTION, MANAGEMENT, AND CONTROL OF WILD FREE-ROAMING HORSES AND BURROS

Subpart 4700— General

Sec.
4700.0-1    Purpose.
4700.0-2    Objectives.
4700.0-3    Authority.
4700.0-5    Definitions.
4700.0-6    Policy.

Subpart 4710—Management Considerations

4710.1    Land use planning.
4710.2    Inventory and monitoring.
4710.3    Management areas.
4710.3-1  Herd management areas.
4710.3-2  Wild horse and burro ranges.
4710.4    Constraints on management.
4710.5    Closure to livestock grazing.
4710.6    Removal of unauthorized livestock in or near areas occupied by wild horses or burros.
4710.7    Maintenance of wild horses and burros on unfenced privately controlled lands.

Subpart 4720—Removal

4720.1    Removal of excess animals from public lands.
4720.2    Removal of strayed or excess animals from private lands.
4720.2-1  Removal of strayed animals from private lands.
4720.2-2  Removal of excess animals from private lands.

Subpart 4730—Destruction of Wild Horses or Burros and Disposal of Carcasses

4730.1    Destruction.
4730.2    Disposal of carcasses.

Subpart 4740—Motor Vehicle and Aircraft

4740.1    Use of motor vehicles or aircraft.
4740.2    Standards for vehicles used for transport of wild horses and burros.

Subpart 4750—Private Maintenance

4750.1    Private maintenance.
4750.2    Health, identification, and inspection requirements.
4750.2-1  Health and identification requirements.
4750.2-2  Brand inspection.
4750.3    Application requirements for private maintenance.
4750.3-1  Application for private maintenance of wild horses and burros.
4750.3-2  Qualification standards for private maintenance.
4750.3-3  Supporting information and certification for private maintenance of more than 4 wild horses or burros.
4750.3-4  Approval or disapproval of applications.
4750.4    Private maintenance of wild horses and burros.

Sec.
4750.4-1 Private maintenance and care agreement.
4750.4-2 Adoption fee.
4750.4-3 Request to terminate private maintenance and care agreement.
4750.4-4 Replacement animals.
4750.5 Application for title to wild horses and burros.

**Subpart 4760—Compliance**

4760.1 Compliance with the Private Maintenance and Care Agreement.

**Subpart 4770—Prohibited Acts, Administrative Remedies, and Penalties**

4770.1 Prohibited acts.
4770.2 Civil penalties.
4770.3 Administrative remedies.
4770.4 Arrest.
4770.5 Criminal penalties.

Authority: Act of Dec. 15, 1971, as amended (16 U.S.C. 1331–1340), Act of Oct. 21, 1976 (43 U.S.C. 1701 et seq.), Act of Sept. 8, 1959 (18 U.S.C. 47), Act of June 28, 1934 (43 U.S.C. 315).

§ 4700.0-1 Purpose.

The purpose of these regulations is to implement the laws relating to the protection, management, and control of wild horses and burros under the administration of the Bureau of Land Management.

§ 4700.0-2 Objectives.

The objectives of these regulations are management of wild horses and burros as recognized components of the public lands under the principle of multiple use; protection of wild horses and burros from unauthorized capture, branding, harassment or death; and humane care and treatment of wild horses and burros.

§ 4700.0-3 Authority.

The Act of September 8, 1959 (18 U.S.C. 47); the Act of December 15, 1971, as amended (16 U.S.C. 1331–1340); the Federal Land Policy and Management Act of 1976 (43 U.S.C. 1711, 1712, and 1734); the Act of June 28, 1934, as amended (43 U.S.C. 315); and the National Environmental Policy Act of 1969 (42 U.S.C. 4321, 4331–4335, and 4341–4347).

§ 4700.0-5 Definitions.

As used in this part, the term:
(a) "Act" means the Act of December 15, 1971, as amended (16 U.S.C. 1331–1340), commonly referred to as the Wild Free-Roaming Horse and Burro Act.
(b) "Appropriate management level" means the median number of wild horses or burros 2 years old or older to be maintained on a herd management area.
(c) "Authorized officer" means any employee of the Bureau of Land Management to whom has been delegated the authority to perform the duties described herein.
(d) "Band" means either a group of wild horses or burros running together, or a lone wild horse or burro.
(e) "Commercial exploitation" means using a wild horse or burro because of its characteristics of wildness for direct or indirect financial gain. Characteristics of wildness include the rebellious and feisty nature of such animals and their defiance of man as exhibited in their undomesticated and untamed state. Use as saddle or pack stock and other uses that require domestication of the animal are not commercial exploitation of the animals because of their characteristics of wildness.
(f) "Excess wild horses or burros" means wild horses or burros (1) which have been removed from an area by the unauthorized officer pursuant to applicable law, or (2) which must be removed from an area in order to attain the appropriate management level.
(g) "Herd" means one or more bands using the same general area.
(h) "Humane treatment" means kind and merciful handling compatible with standard animal husbandry practices, without causing unnecessary stress or suffering to a wild horse or burro.
(i) "Inhumane treatment" means any intentional action or failure to act that causes stress, injury, or death to a wild horse or burro and is not compatible with standard animal husbandry practices.
(j) "Lame wild horse or burro" means a wild horse or burro with malfunctioning limbs that permanently impair its freedom of movement.
(k) "Old wild horse or burro" means a wild horse or burro characterized because of age by its physical deterioration, inability to fend for itself, suffering, or closeness to death.
(l) "Private maintenance" means the provision of proper care and humane treatment to excess wild horses and burros by qualified individuals under the terms and conditions specified in a Private Maintenance and Care Agreement.
(m) "Public lands" means any lands or interests in lands administered by the Secretary of the Interior through the Bureau of Land Management.
(n) "Sick wild horse or burro" means a wild horse or burro with failing health, infirmity or disease from which there is little chance of recovery.
(o) "Wild horses and burros" means all unbranded and unclaimed horses and burros that use public lands as all or part of their habitat, or that have been removed from these lands by the authorized officer but have not lost their status under section 3 of the Act.

§ 4700.0-6 Policy.

(a) Wild horses and burros and their habitat shall be managed to maintain vigorous populations of healthy animals in balance with the productive capacity of the public lands.
(b) Wild horses and burros shall be considered comparably with other resource values in the formulation of land use plans.
(c) Management activities affecting wild horses and burros shall be undertaken with the goal of maintaining free-roaming behavior.
(d) In administering these regulations, the authorized officer shall consult with Federal and State wildlife agencies and all other affected interests, to involve them in planning for and management of wild horses and burros on the public lands.
(e) Healthy excess wild horses and burros for which an adoption demand by qualified individuals exists shall be made available at adoption centers nationwide for private maintenance and care.
(f) Fees shall be required from qualified individuals adopting excess wild horses and burros to defray part of the costs of the adoption program.

**Subpart 4710—Management Considerations**

§ 4710.1 Land use planning.

Management activities affecting wild horses and burros, including the establishment of herd management areas, shall be compatible with approved land use plans prepared pursuant to Part 1600 of this title.

§ 4710.2 Inventory and monitoring.

The authorized officer shall maintain a record of the herd areas that existed in 1971, and a current inventory of the numbers of animals and their areas of use. When management areas are established, the authorized officer shall also inventory and monitor herd and habitat characteristics, including, but not limited to, habitat condition and trend, the age, sex and social structure of bands and herds, and the condition and physical characteristics of the animals.

§ 4710.3 Management areas.

§ 4710.3-1 Herd management areas.

The authorized officer shall establish herd management areas for the maintenance and management of wild horse and burro herds. In delineating each herd management area, the authorized officer shall consider the appropriate management level for the herd, the habitat requirements of the animals, and the relationships with other uses of the public lands. The authorized officer shall prepare a herd

management area plan, which may cover one or more herd management areas.

§ 4710.3-2  Wild horse and burro ranges.

Herd management areas may also be designated by the authorized officer as wild horse or burro ranges to be managed principally, but not necessarily exclusively, for wild horse or burro herds.

§ 4710.4  Constraints on management.

Management of wild horses and burros shall be confined to areas used by herds as yearlong habitat in 1971. Management of wild horses and burros shall be at the minimum level necessary to obtain the objectives identified in approved land use plans and herd management area plans.

§ 4710.5  Closure to livestock grazing.

(a) If necessary to provide habitat for wild horses or burros, to implement herd management actions, or to protect wild horses or burros from disease, harassment or injury, the authorized officer may close appropriate areas of the public lands to grazing use by all or a particular kind of livestock.

(b) All public lands inhabited by wild horses or burros shall be closed to grazing by domestic horses and burros.

(c) Notices of closure and decisions requiring modification of authorized grazing use shall be issued as final decisions in full force and effect on the date specified in the notice or decision, regardless of appeal.

§ 4710.6  Removal of unauthorized livestock in or near areas occupied by wild horses or burros.

The authorized officer may establish conditions for the removal of unauthorized livestock in areas adjacent to or within areas occupied by wild horses or burros to prevent undue harassment of the wild horses or burros. Liability and compensation for damages from unauthorized use shall be determined in accordance with subpart 4150 of this title.

§ 4710.7  Maintainance of wild horses and burros on unfenced privately controlled lands.

Individuals controlling unfenced lands within areas occupied by wild horses and burros may allow wild horses or burros to use these lands. Individuals who maintain wild free-roaming horses and burros on their lands shall notify the authorized officer and shall supply a reasonable estimate of the number of such animals so maintained. Individuals shall not remove or entice wild horses or burros from the public lands or detain them on private lands.

Subpart 4720—Removal

§ 4720.1  Removal of excess animals from public lands.

Upon examination of current information and a determination by the authorized officer that an excess of wild horses or burros exists, the authorized officer shall remove the excess animals immediately in the following order:

(a) Old, sick, or lame animals shall be destroyed in accordance with Subpart 4730 of this title;

(b) Additional excess animals for which an adoption demand by qualified individuals exists shall be captured and made available for private maintenance in accordance with Subpart 4750 of this title; and

(c) Remaining excess animals for which no adoption demand by qualified individuals exists shall be destroyed in accordance with Subpart 4730 of this title.

§ 4720.2  Removal of strayed or excess animals from private lands.

§ 4720.2-1  Removal of strayed animals from private lands.

Upon written request from the private landowner to any representative of the Bureau of Land Management, the authorized officer shall remove stray wild horses and burros from private lands as soon as practicable. The private landowner may also submit the written request to a Federal marshal, who shall notify the authorized officer. The request should indicate the numbers of wild horses or burros, the date(s) the animals were on the land, legal description of the private land, and any special conditions that should be considered in the gathering plan.

§ 4720.2-2  Removal of excess animals from private lands.

If the authorized officer determines that proper management requires the removal of wild horses and burros from private lands, the authorized officer shall obtain the written consent of the private owner before entering or using such lands.

Subpart 4730—Destruction of Wild Horses or Burros and Disposal of Carcasses

§ 4730.1  Destruction.

Except as an act of mercy, no wild horse or burro shall be destroyed without the authorization of the authorized officer. Wild horses and burros shall be destroyed in the most humane and cost efficient manner possible.

§ 4730.2  Disposal of carcasses.

Carcasses of wild horses or burros shall be disposed of in accordance with State or local sanitation laws. No compensation of any kind shall be received by any agency or individual disposing of a carcass.

Subpart 4740—Motor Vehicles and Aircraft

§ 4740.1  Use of motor vehicles or aircraft.

(a) Motor vehicles and aircraft may be used by the authorized officer in all phases of the administration of the Act, except that no motor vehicle or aircraft, other than helicopters, shall be used for the purpose of herding or chasing wild horses or burros for capture or destruction.

(b) Before using helicopters in the capture of wild horses or burros or motor vehicles for their transport to adoption processing facilities, the authorized officer shall conduct a public hearing in the State where wild horses or burros are to be gathered.

§ 4740.2  Standards for vehicles used for transport of wild horses and burros.

(a) Use of motor vehicles for transport of wild horses or burros shall be in accordance with appropriate local, State and Federal laws and regulations applicable to the humane transportation of horses and burros, and shall include, but not be limited to, the following standards:

(1) The interior of enclosures shall be free from protrusions that could injure animals;

(2) Equipment shall be in safe conditions and of sufficient strength to withstand the rigors of transportation.

(3) Enclosures shall have ample head room to allow animals to stand normally;

(4) Enclosures for transporting two or more animals shall have partitions to separate them by age and sex as deemed necessary by the authorized officer;

(5) Floors of enclosures shall be covered with nonskid material;

(6) Enclosures shall be adequately ventilated and offer sufficient protection to animals from inclement weather and temperature extremes; and

(7) Unless otherwise approved by the authorized officer, transportation shall be limited in sequence to a maximum of 24 hours followed by a minimum of 5 hours of on-the-ground rest with adequate feed and water.

(b) The authorized officer shall not load wild horses or burros if he/she determines that the vehicle to be used for transporting the wild horses or

49256   Federal Register / Vol. 49, No. 244 / Tuesday, December 18, 1984 / Proposed Rules

burros is not satisfactory for that purpose.

**Subpart 4750—Private Maintenance**

**§ 4750.1   Private maintenance.**

The authorized officer shall make available for private maintenance all healthy excess wild horses or burros for which an adoption demand by qualified individuals exists.

**§ 4750.2   Health, identification, and inspection requirements.**

**§ 4750.2-1   Health and identification requirements.**

(a) An individual determined to be qualified by the authorized officer shall verify each excess animal's soundness and good health, determine its age and sex, and administer tests for communicable diseases, immunizations and worming compounds.

(b) Documentation conforming compliance with State health inspection and immunization requirements for each wild horse or burro shall be provided to each adopter by the authorized officer.

(c) Each animal offered for private maintenance, including orphan and unweaned foals, shall be individually identified by the authorized officer with a permanent freeze mark of alpha numeric symbols on the left side of its neck. The freeze mark identifies the animal as Federal property subject to the provisions of the Act and these regulations by a patented symbol, the animal's year of birth, and its individual identification number. The authorized officer shall record the freeze mark on the documentation of health and immunizations. For purposes of this subpart, a freeze mark applied by the authorized officer is not considered a brand.

**§ 4750.2-2   Brand inspection.**

The authorized officer shall make arrangements on behalf of an adopter for State inspection of brands, where applicable, for each animal to be transported across the State where the adoption center is located only. The adopter shall be responsible for obtaining inspections for brands required by other States to or through which the animal may be transported.

**§ 4750.3   Application requirements for private maintenance.**

**§ 4750.3-1   Application for private maintenance of wild horses and burros.**

An individual applying for a wild horse or burro shall file an application with the Bureau of Land Management on a form aproved by the Director. The application shall be accompanied by a nonrefundable graranteed remittance of $25 (cashier's check, money order, bank draft, or any other form of remittance other than personal, company or payroll checks). If the application is approved by the authorized officer, the remittance shall be applied against the adoption fee required by § 4750.4-2 of this subpart.

**§ 4750.3-2   Qualification standards for private maintenance.**

(a) To qualify to receive a wild horse or burro for private maintenance, an individual shall:

(1) Be of legal age for entering contracts as determined by the law of the State or United States trust territory where the individual is a resident;

(2) Have no prior conviction for inhumane treatment of animals or for violation of the Act or these regulations;

(3) Have adequate feed, water, shelter, space, and transport equipment to provide humane care and treatment to the number of animals requested; and

(4) Have obtained no more than 4 wild horses and burros within the preceding 12-month period, unless specifically authorized in writing by the authorized officer.

(b) The authorized officer shall determine an individual's qualifications based upon information provided in the application form required by § 4750.3-1 of this subpart and Bureau of Land Management records of any previous private maintenance by the individual under the Act.

**§ 4750.3-3   Supporting information and certification for private maintenance of more than 4 wild horses or burros.**

(a) An individual applying for more than 4 wild horses or burros within a 12-month period, or an individual or group of individuals requesting to maintain more than 4 wild horses or burros at a single location, shall provide written certification that the applicant's facilities and capabilities appear adequate to maintain and care for the number of animals requested. This certification shall be obtained from a veterinarian, local humane official, cooperative extension agent or similarly qualified person approved by the authorized officer.

(1) The certification shall assert that the facilities satisfy Bureau of Land Management requirements, shall contain a description of the facilities, including corral size, pasture size and shelter, barn or stall dimensions, and shall note discrepancies between the facilities inspected and representations made in the application form.

(2) When an applicant requests 25 or more animals or when more than 24 animals will be maintained at any single location regardless of the number of applicants, the facilities for maintaining the adopted animals shall be inspected by the authorized officer.

(b) Any individual or group requesting to maintain more than 4 wild horses or burros at a single location shall also provide the following information:

(1) A summary of the age, sex, and number of wild free-roaming horses or burrow requested by species;

(2) Requested adoption date and center location;

(3) If applicable, names, addresses and telephone numbers of all applicants represented by any power of attorney submitted with the request;

(4) A transportation plan that describes the transport vehicle and any rest-stops;

(5) A distribution plan for delivering the animals to their assigned adopters;

(6) Names, addresses, and a concise background of the experience of the individuals who will handle the adopted animals during transportation and distribution; and

(7) When the adopted animals will be maintained at a single location or where the applicants have been solicited by the holder of their power of attorney, a concise statement outlining the arrangements, including duties and responsibilities of the parties, for maintaining the animals.

**§ 4750.3-4   Approval or disapproval of applications.**

If an application is approved, the authorized officer shall offer the individual an opportunity to select the appropriate number, sex, age and species of animals from those available. If the authorized officer disapproves an application for private maintenance because the applicant lacks adequate facilities or transport, the individual may correct the shortcoming and file a new application.

**§ 4750.4   Private maintenance of wild horses and burros.**

**§ 4750.4-1   Private Maintenance and Care Agreement.**

To obtain a wild horse or burro, a qualified applicant shall execute a Private Maintenance and Care Agreement and agree to abide by its terms and conditions, including but not limited to the following:

(a) Title to wild horses and burros covered by the agreement shall remain in the Federal Government for at least 1 year after the Private Maintenance and Care Agreement is executed and until a Cerificate of Title is issued by the authorized officer;

(b) Wild horses and burros covered by the agreement shall not be destroyed,

except as an act of mercy, without the prior approval of the authorized officer;

(c) Wild horses and burros covered by the agreement shall not be sold or otherwise exploited commercially, neglected, abandoned, inhumanely treated, branded or otherwise marked permanently, or used for bucking stock;

(d) Freeze marks identifying wild horses and burros covered by the agreement shall not be altered or destroyed;

(e) Wild horses and burros covered by the agreement shall not be transferred permanently to another location or to the care of another individual without the prior approval of the authorized officer;

(f) Wild horses and burros covered by the agreement shall be made available for physical inspection upon written request by the authorized officer;

(g) The authorized officer shall be notified within 7 days of discovery of the death, theft or escape of wild horses and burros covered by the agreement; and

(h) Maintaining and properly caring for wild horses and burros covered by the agreement shall be the responsibility of the adopter.

### § 4750.4-2  Adoption fee.

(a) An individual obtaining wild horses and burros shall pay the Bureau of Land Management an adoption fee of $125 per horse and $75 per burro, except that no fee shall be paid for an orphan foal under the age of 6 months or an unweaned foal under the age of 6 months accompanying its mother. The authorized officer shall credit the advance payment required by § 4750.3-1 of this subpart to the total adoption fee and collect the remaining adoption fee from the individual when the Private Maintenance and Care Agreement is executed.

(b) The Director may adjust or waive the adoption fee on determining that wild horses or burros in the custody of the Bureau of Land Management are unadoptable when the full adoption fee is required, and that it is in the public interest to adjust or waive the adoption fee stated in paragraph (a) of this section. The adjustment or waiver shall extend only to those persons who are willing to maintain such animals privately, who demonstrate the ability to care for them properly, and who agree to comply with all rules and regulations relating to wild horses and burros.

### § 4750.4-3  Request to terminate Private Maintenance and Care Agreement.

An adopter may request to terminate his/her responsibility for an animal by submitting a written relinquishment of the Private Maintenance and Care Agreement for that animal. The authorized officer shall take possession of the animal upon receipt of the written relinquishment.

### § 4750.4-4  Replacement animals.

The authorized officer shall replace an animal, upon request by the adopter, if (a) within 60 days of the execution of the Private Maintenance and Care Agreement the animal dies or is required to be destroyed due to a condition that existed at the time of placement with the adopter; and (b) the adopter provides, within a reasonable time, a statement by a veterinarian certifying that reasonable care and treatment would not have corrected the condition. Transportation costs of the replacement animal shall be paid by the adopter.

### § 4750.5  Application for title to wild horses and burros.

(a) An adopter who has abided by the terms and conditions of the Private Maintenance and Care Agreement for 12 months may apply for title to the wild horse(s) and burro(s) covered by the agreement. A qualified adopter may be granted title to no more than 4 animals per 12-month period of proper private maintenance. This credit may be accumulated from year to year if not used.

(b) An adopter applying for title shall file an application with the Bureau of Land Management. The adopter shall submit with the application a statement from a veterinarian, cooperative extension agent, local humane official, or similarly qualified individual approved by the authorized officer certifying that he/she has inspected the animal for which title is requested and that the animal is receiving proper care and treatment. The adopter shall certify that he/she has provided care and treatment in accordance with the Private Maintenance and Care Agreement.

(c) If the application for title is approved, the authorized officer shall issue a Certificate of Title for each animal. Effective the date of issuance of the Certificate of Title, Federal ownership of the wild horse or burro ceases and the animal loses its status as a wild horse or burro and is no longer under the protection of the Act or regulations under this title.

### Subpart 4760—Compliance

### § 4760.1  Compliance with the Private Maintenance and Care Agreement.

(a) An adopter shall comply with the terms and conditions of the Private Maintenance and Care Agreement and these regulations. The authorized officer may verify compliance by visits to an adopter, physical inspections of the animals, and inspections of the facilities and conditions in which the animals are being maintained. The authorized officer may authorize a cooperative extension agent, local humane official or similarly qualified individual to verify compliance.

(b) The authorized officer shall conduct an investigation when a complaint concerning the care, treatment, or use of a wild horse or burro is received by the Bureau of Land Management.

(c) The authorized officer may require, as a condition for continuation of a Private Maintenance and Care Agreement, that an adopter take specific corrective actions if the authorized officer determines that an animal is not receiving proper care of is being maintained in unsatisfactory conditions. The adopter shall be given reasonable time to complete the required corrective actions.

### Subpart 4470—Prohibited Acts, Administrative Remedies, and Penalties

### § 4770.1  Prohibited acts.

The following acts are prohibited:

(a) Maliciously injuring or harassing a wild horse or burro;

(b) Removing or attempting or remove a wild horse or burro from the public lands without authorization from the authorized officer;

(c) Destroying a wild horse or burro without authorization from the authorized officer except as an act of mercy;

(d) Selling or attempting to sell, directly or indirectly, a wild horse or burro;

(e) Commercially exploiting a wild horse or burro;

(f) Treating a wild horse or burro inhumanely;

(g) Using a wild horse or burro for bucking stock;

(h) Violating a term or condition of the Private Maintenance and Care Agreement;

(i) Applying a brand;

(j) Removing or altering a freeze mark.

### § 4770.2  Civil penalties.

(a) A grazing permittee or lessee who has been convicted or otherwise found in violation of any of these regulations may be subject to suspension or cancellation of the grazing permit or lease and of the grazing preference, as provide in § 4170.1-1 of this title.

(b) An adopter's failure to comply with the terms and conditions of the Private Maintenance and Care

Agreement may result in the cancellation of the agreement, repossession of wild horses and burros included in the agreement, and disapproval of requests by the adopter for additional excess wild horses and burros.

§ 4770.3  Administrative remedies.

Any person who is adversely affected by a decision of the authorized officer in the administration of these regulations may file an appeal in accordance with 43 CFR 4.4 within 30 days of receipt of the written decision.

§ 4770.4  Arrest.

The Director of the Bureau of Land Management may authorize an employee who witnesses a violation of the Act or these regulations to arrest without warrant any person committing the violation, and to take the person immediately for examination or trial before an officer or court of competent jurisdiction. Any employee so authorized shall have power to execute any warrant or other process issued by an officer or court of competent jurisdiction to enforce the provisions of the Act of these regulations.

§ 4770.5  Criminal penalties.

Any person who commits any act prohibited in section 4770.1 of these regulations shall be subject to a fine of not more than $2,000 or imprisonment for not more than 1 year, or both, for each violation. Any person so charged with such violation by the authorized officer may be tried and sentenced by a United States Commissioner or magistrate, designated for that purpose by the court by which he/she was appointed, in the same manner and subject to the same conditions as provided in 18 U.S.C. 3401.

Garrey E. Carruthers,
*Assistant Secretary of the Interior.*

August 15, 1984.

[FR Doc. 32834 Filed 12-17-84; 8:45 am]

BILLING CODE 4310-84-M