TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
BRIDGET K. MCNEIL, Assistant Section Chief
CHRISTIAN H. CARRARA (NJ Bar No. 317732020)
SAMANTHA G. PELTZ (IL Bar No. 6336536)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 598-9736 (Carrara)
Fax: (202) 305-0275
Email: christian.carrara@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANIMAL WELLNESS ACTION, a non-profit corporation, CANA FOUNDATION, a non-profit corporation, THE CENTER FOR A HUMANE ECONOMY, a non-profit corporation LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, <br><br> *Defendants*. | Case No: 3:22-cv-00034-MMD-CLB <br><br> FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE (ECF No. 65) |

Federal Defendants the U.S. Department of Interior, Bureau of Land Management, and Jon Raby, in his official capacity as Nevada State Director of the Bureau of Land Management (collectively, "BLM"), hereby respond to Plaintiffs' August 10, 2023, Motion for Judicial Notice ("Pls.' Mot."), ECF No. 65, as follows:

## **INTRODUCTION**

Plaintiffs seek to have this Court take judicial notice of (1) the Fifteenmile Herd

FED. DEFS.' RESP. TO PLS.'
MOT. FOR JUDICIAL NOT.        1

Management Area Plan in Wyoming (August 2019); (2) Notes for 43 C.F.R. Subtitle B, Subch. D, Group 4,700; (3) 51 Fed. Reg. 7,410 (March 3, 1986); (4) 56 Fed. Reg. 786 (January 9, 1991); (5) 43 C.F.R. Sect. 4,700 *et seq.*; and (6) 49 Fed. Reg. 49,252 (December 18, 1984).

BLM opposes the Court taking judicial notice of the Fifteenmile Herd Management Area Plan (2019) ("Fifteenmile HMAP").[1] The Fifteenmile HMAP is not part of the Administrative Record for the agency action at issue. It is also irrelevant to this Court's review in this case and should be excluded under Federal Rule of Evidence 201. Plaintiffs' motion is an attempt to bypass the proper scope of review for their Administrative Procedure Act ("APA") claims. However, the Court has already ruled that it "does not need to order expansion of the AR to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather." ECF No. 54 at 5. For these reasons, the Court should deny Plaintiffs' Motion in its entirety.

## ARGUMENT

### I. PURSUANT TO THE APA, JUDICIAL REVIEW IS LIMITED TO THE ADMINISTRATIVE RECORD.

Judicial review of the federal agency action at issue is governed by the APA and, as such, is limited to the administrative record at the time the decision was made. *See* March 30, 2023 Order at 6-7,[2] ECF No. 54 (denying Plaintiffs' motion to complete and supplement the record "to the extent it seeks to conduct discovery"); *see also id.* at 7 (noting and agreeing with Judge Baldwin's rejection of Plaintiffs' request for discovery earlier in the case (ECF No. 49)).[3]

Under this standard of review, a court's task is "to determine whether the [agency] has

---

[1] BLM does not oppose Plaintiffs' reference to the Code of Federal Regulations or the Federal Register. As the Court previously stated, "they are free to cite [the law] in their merits briefs." ECF No. 54 at 7.

[2] This brief references the ECF-generated page numbers for court filings.

[3] To be clear, the Court did allow for both parties to submit declarations regarding Plaintiffs' First Amendment claim, ECF No. 54 at 6, however, Plaintiffs dismissed that claim. *See* July 20, 2023 Stipulated Dismissal of Plaintiffs' Sixth Cause of Action Without Prejudice, ECF No. 62 (dismissing First Amendment claim).

FED. DEFS.' RESP. TO PLS.'
MOT. FOR JUDICIAL NOT.                            2

considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 105 (1983) (citations omitted). The court's determination is "to be based on the full administrative record that was before the [agency decision-makers] at the time [they] made [their] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). This is because, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

Plaintiffs' request for this Court to take judicial notice of the Fifteenmile HMAP is, in fact, a request to supplement the record with extra-record materials. It, therefore, not only flouts the Court's March 30, 2023 Order, but is inconsistent with the scope of judicial review under the APA, as it invites the Court to consider evidence outside the Administrative Record. Other courts have declined to take judicial notice of extra-record materials. *See, e.g.*, *Rybachek v. U.S. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (rejecting motion to take judicial notice because "[j]udicial review of agency actions should generally be confined to the original record upon which the actions were based"); *Sierra Club v. Clinton*, 746 F. Supp. 2d 1025, 1035-36 (D. Minn. 2010) (denying request to take judicial notice of document outside the relevant administrative record in NEPA case); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 130 n.6 (Fed. Cl. 2010) (noting that while "congressional staff report may qualify for judicial notice . . . this does not exempt plaintiff from having to meet the independent requirements for supplementation of the administrative record"). This Court should likewise review the merits of BLM's decision to gather excess wild horses from the Pancake Complex in January 2022, based on the information considered by agency decision-makers. *See Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975-76 (9th Cir. 2006) (affirming denial of judicial notice where no record review exception applied); *see also* March 30, 2023 Order at 2-3, ECF No. 54 (collecting cases).

The Court should also deny Plaintiffs' motion for judicial notice of the Fifteenmile

HMAP because it seeks to circumvent the principle of record review by using the contents of the Fifteenmile HMAP to second guess the agency decision at issue. *See Rybachek*, 904 F.2d at 1296 n.25 (construing a request for judicial notice as a motion to supplement the record and rejecting the motion because the original record adequately explained the basis for the agency's decision). A "party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation." *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019) (quoting *All. for the Wild Rockies v. Marten*, CV 16-35-M-DWM, 2016 WL 7174671, at *3 (D. Mont. Oct. 3, 2016)). Indeed, "discretion to take judicial notice must be exercised sparingly lest Rule 201 [allowing judicial notice] be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review." *Murakami v. United States*, 46 Fed. Cl. 731, 739 (Fed. Cl. 2000); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009). Plaintiffs should not be permitted to use Rule 201 to bypass the proper scope of review for their claims, where the Court has already ruled it "does not need to order expansion of the AR to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather." ECF No. 54 at 5; *see also* Pls.' Mot. at 3-4 (submitting the Fifteenmile HMAP "to assist the Court" with deciding "Plaintiffs' contention that HMAPs must be created prior to any Gather-EA being adopted").

Moreover, Plaintiffs have already had the opportunity to seek to supplement the record with this document. *See, e.g.*, February 3, 2023 Plaintiffs' Motion to Complete and Supplement the Administrative Record at 10, ECF No. 48 (requesting the Court expand the record to include specific documents for their HMAP claims).[4] Yet, Plaintiffs declined to do so. Accordingly, the Court should deny Plaintiffs' third attempt to circumvent the principle of record review.

**II.    THE FIFTEENMILE HMAP IS NOT SUBJECT TO JUDICIAL NOTICE.**

Along with failing to establish that the Fifteenmile HMAP is appropriately considered in

---

[4] In addition, prior to BLM lodging the Administrative Record, ECF No. 44, Plaintiffs also sought discovery and could have sought to include the Fifteenmile HMAP then. *See* July 11, 2022 Joint Case Management Report at 6, ECF No. 39 (seeking "discovery outside of [the] administrative record").

FED. DEFS.' RESP. TO PLS.'
MOT. FOR JUDICIAL NOT.                4

an administrative record review case, Plaintiffs fail to meet their burden of establishing that taking judicial notice of the Fifteenmile HMAP would meet the requirements of Federal Rule of Evidence 201.

Under the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" in one of two circumstances: it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because judicial notice circumvents the normal evidentiary process, courts are cautioned in its application, "requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201 Advisory Comm. Notes, Subdivision (b); *see also Goodman v. HTC Am., Inc.*, No. C11-1793MJP, 2012 WL 2412070, at *4 (W.D. Wash. June 26, 2012) ("the taking of judicial notice of facts is . . . a highly limited process" (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997))). In addition, the proffered evidence must be relevant to the question of whether relief should be granted. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004).

Plaintiffs are seeking to use the Fifteenmile HMAP to bolster their contention that "HMAPs must be created prior to any Gather-EA being adopted." Pls.' Mot. at 3-4. But, as the Court previously held, there is no need for extra-record materials for the Court to make a merits determination on this issue— "the Court must simply make a call on the law." ECF No. 54 at 5. Moreover, the Fifteenmile HMAP is irrelevant to the Court's review of Plaintiffs' HMAP claims because the Fifteenmile HMAP relates to a different herd management area near Worland, Wyoming, not comparable to the Pancake HMA here in Nevada.[5] Apart from being separated by over 600 miles and lying in different states, the HMAs encompass two vastly distinct

---

[5] *Compare* Fifteenmile HMA, Bureau of Land Management, U.S. Department of the Interior, https://www.blm.gov/programs/wild-horse-and-burro/herd-management/herd-management-areas/wyoming/fifteenmile (last accessed August 24, 2023) (located about 30 miles northwest of Worland, Wyoming) *with* Pancake HMA, Bureau of Land Management, U.S. Department of the Interior, https://www.blm.gov/programs/wild-horse-and-burro/herd-management/herd-management-areas/nevada/pancake-hma (last accessed August 24, 2023) (located about 30 miles west of Ely, Nevada).

FED. DEFS.' RESP. TO PLS.'
MOT. FOR JUDICIAL NOT.                5

geographic areas. *See, e.g.*, Pancake HMA ("area consists of 849,613 acres of BLM land and 309 acres of a mix of private and other public lands for a total of 849,922 acres"); Fifteenmile HMA ("[area] encompasses over 81,000 acres of mostly public land"). Thus, the Fifteenmile HMAP is irrelevant to this Court's consideration of whether BLM needed to prepare an HMAP before conducting a gather of excess wild horses in the Pancake Complex.

Further, Plaintiffs' assertion that, because the Fifteenmile HMAP "is a public document promulgated by [BLM] and downloaded from their website . . . it is the type of document for which judicial notice is appropriate," misses the mark. "[T]he mere fact of publication does not perforce qualify a source as sufficiently accurate so as to form a basis for judicial notice." *New W. Urb. Renewal Co. v. Westinghouse Elec. Corp.*, 909 F. Supp. 219, 229 (D.N.J. 1995); *see also Fenner v. Suthers*, 194 F. Supp. 2d 1146, 1148 (D. Colo. 2002) ("merely citing to a web site and inviting others to visit the site does not satisfy the [Federal Rule of Evidence's] requirement that the fact be 'capable of accurate and ready determination'"); *Est. of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (denying request for judicial notice of a website article where the movant failed to explain its relevance). Plaintiffs' theory removes any logical boundary circumscribing admissibility by judicial notice. There is no legal basis—and, indeed, Plaintiffs have cited to none—for such an expansive interpretation of this rule. And, in any event, Plaintiffs have failed to show how a public document can overcome the administrative record review rule or the relevance requirement under Federal Rule of Evidence 201. Thus, Plaintiffs' request likewise falls flat on this theory.

## **CONCLUSION**

For these reasons, the Court should deny Plaintiffs' Motion for Judicial Notice in its entirety.

Respectfully submitted this 24th day of August, 2023.

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

S. JAY GOVINDAN, Section Chief
BRIDGET K. MCNEIL, Assist. Section Chief

*/s/ Christian Carrara*
CHRISTIAN CARRARA, Trial Attorney
(NJ Bar No. 317732020)
Wildlife & Marine Resources Section

*/s/ Samantha Peltz*
SAMANTHA PELTZ, Trial Attorney
(IL Bar No. 6336536)
Natural Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9736
Fax: 202-305-0275
Christian.carrara@usdoj.gov

*Of Counsel:*
Janell M. Bogue
U.S. Dep't of the Interior
Office of the Solicitor
Pacific Southwest Region

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 24, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Nevada using the Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system, which includes counsel of record for all parties in the case.

             */s/ Christian Carrara*
             CHRISTIAN CARRARA
             Attorney for Defendants