DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
Ph (702) 222-9999
Fax (702) 383-8741
danielle@decastroverdelaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANIMAL WELLNESS ACTION, a non-profit corporation, CANA FOUNDATION, a non-profit corporation, THE CENTER FOR A HUMANE ECONOMY, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, and the<br><br>Defendants. | Case No. 3:22-cv-00034<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**<br><br>Complaint Filed: January 21, 2021 |

1    Reply in Support of Plaintiffs' Motion for Judicial Notice

## I. Introduction

Plaintiffs seek judicial notice of several publicly available documents produced or published by Defendants, only one of which Defendants challenge in their Response to Plaintiffs' Motion for Judicial Notice. Dkt. 68. Defendants only oppose Plaintiffs' request for the court to take notice of Defendants' August 2019 Fifteenmile Herd Management Area Plan, hereafter referred to as the "Fifteenmile HMAP." Dkt. 68 at p.2:4-5 and n.1.

Judicial notice of the Fifteenmile HMAP is appropriate because it is the kind of document "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid.201(b). It is offered as evidence of the content of an HMAP in comparison to that of an Environmental Assessment, prepared pursuant to the National Environmental Policy Act (NEPA). As such, it provides important background information to aid the court's understanding and to assist in determining if the Bureau of Land Management (BLM) took into consideration all relevant factors pursuant to the Wild & Free Roaming Horses & Burro Act and its implementing regulations. Additionally, it is offered to address questions raised by this Court in its January 28, 2022 order denying Plaintiffs' motion for a temporary restraining order and preliminary injunction. Plaintiffs respectfully request that the Court take judicial notice of the Fifteenmile HMAP over Defendants' objections for the following reasons.

## II.   Reply Argument

### A.   Judicial Review Under the APA Allows for Consideration of the Fifteenmile HMAP

Defendants assert that judicial review of agency action under the APA is limited to the administrative record. *See* Dkt. 68 at pp. 2:14-3:9. Plaintiffs acknowledge that this is normally the case, but exceptions exist. *See Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113 (D.D.C. 2015); *Lands Council v. Forester of Region One of the United States Forest Serv.*, 395 F.3d 1019, 1030 (9th Cir. 2004); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991); *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002);

*Asarco, Inc. v. U. S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

Courts have long held that a reviewing court may consider extra-record evidence as either background information to aid the court's understanding or to determine if the agency examined all relevant factors. *See Oceana, Inc.*, 126 F. Supp. 3d at 113; *Lands Council*, 395 F.3d at 1030; *Asarco, Inc.*, 616 F.2d at 1160. This type of evidence is most commonly reviewed in cases involving complex subject matters, as well as cases involving a claim that an agency has failed to act in violation of a legal obligation. *See United States*, 949 F.2d at 1428; *Asarco, Inc.*, 616 F.2d at 1160; *San Francisco BayKeeper*, 297 F.3d at 886. In such cases, it may be impossible for the reviewing court to "determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Asarco, Inc.*, 616 F.2d at 1160. "The court cannot adequately discharge its duty" under the APA "if it is required to take the agency's word that it considered all relevant matters." *Asarco, Inc.*, 616 F.2d at 1160.

Here, Plaintiffs seek judicial notice of the Fifteenmile HMAP in support of their Motion for Summary Judgment. In that Motion, Plaintiffs cite to and reference the Fifteenmile HMAP to demonstrate that an HMAP takes into consideration a broader array of issues related to herd health over the short and long-term than a Gather-EA, as required by the Wild & Free Roaming Horses & Burros Act and its implementing regulations. *See* Dkt. 64 at pp.4:7-6:10, 27:22-28:13; *see also* 43 C.F.R. §§4710.3-1 and 4710.4 (providing that the BLM shall prepare an HMAP for all herd management areas, and management of wild horses shall be at the minimum level necessary to attain the objectives in the HMAP). Further, the scope of public comment is greater for an HMAP. *See id.*

Importantly, this Court, in its January 28, 2022 order, noted that "what constitutes an HMAP remains somewhat unclear." Dkt. 24 at p.11:10-11. The Court also found Plaintiffs had "not address[ed] whether the [Pancake Complex Gather-]EA satisfies the same substantive requirements that would be achieved through an HMAP." *Id.* at p.12:8-12. And relatedly, according to the Court, Plaintiffs failed to demonstrate that "an HMAP would have provided a

1  unique opportunity for public comment that was not achievable through the EA." *Id.* at p.13:5-7.
2  In discussing the NEPA claim, the Court stated that to the extent Plaintiffs were arguing that the
3  proposed gather would be detrimental to the herd itself, it was unclear whether an EA must
4  address that issue. *See id.* at p.16:14-18.

5        The Fifteenmile HMAP, as an example of an HMAP, responds to the Court's questions
6  and addresses areas of concern posed by the Court in its own order. It provides necessary
7  background information to assist the Court in understanding the content of HMAPs in
8  comparison to Gather-EAs. It demonstrates that the Pancake Gather-EA does not consider the
9  same substantive factors that would be addressed if the BLM issued an HMAP, including factors
10 related to herd health. And, it demonstrates that the HMAP process does provide a unique
11 opportunity for public comment that was not achievable through the Pancake Gather-EA process.
12 The Court should take judicial notice of the Fifteenmile HMAP.

13       **B.**    **The Fifteenmile HMAP is Subject to Judicial Notice**

14       Federal Rule of Evidence 201 provides that a judicially noticed document must be of the
15 kind "not subject to reasonable dispute in that it is . . . capable of accurate and ready
16 determination by resort to sources whose accuracy cannot reasonably be questioned."
17 Fed.R.Evid.201(b). The Fifteenmile HMAP is a public document developed by the BLM and
18 downloaded from their online national register. *See* Dkt. 65-1 at ¶2. Defendants argue that mere
19 publication is insufficient to satisfy this Rule. *See* Dkt. 68 at p.6:6-18.

20       Certainly, judicial notice is not appropriate for everything published on the Internet,
21 regardless of source; however, judicial notice is appropriate for public records and government
22 documents taken from websites maintained by government agencies. *See Rollins v. Dignity*
23 *Health*, 338 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2018) (finding such records and documents
24 are generally considered not to be subject to reasonable dispute). *See also B.T. Produce Co. v.*
25 *Robert A. Johnson Sales*, Inc., 354 F. Supp. 2d 284, 285 (S.D.N.Y. 2004) (taking judicial notice
26 of USDA report); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D.
27 Pa. 2003) (taking judicial notice of FDA report posted on official FDA website).

28

Defendants also argue that judicial notice is not appropriate because the Fifteenmile HMAP is not relevant. *See* Dkt. 68 at pp.5:15-6:5. Plaintiffs do not contend that the Fifteenmile HMAP directly addresses the Pancake Complex, but as addressed *supra* in Section II.A., it is nevertheless highly relevant. The Court cannot adequately discharge its duty under the APA if it is required to rely solely on the BLM's representations about the differences between an HMAP and an EA, especially where—as here—an example of an HMAP would helpfully provide the Court opportunity to interrogate Defendants' representations based on its own past interpretation of the HMAP requirement. *See Asarco, Inc.*, 616 F.2d at 1160.

Finally, Defendants argue that this request for judicial notice runs contrary to the Court's March 30, 2023 order regarding supplementation of the administrative record. *See* Dkt. 68 at p.3:10-12. That order addressed Plaintiffs' request to "expand the [administrative record] with documents regarding Defendants' decision not to prepare a HMAP before conducting the gather." Dkt. 54 at p.5:1-4. The Court ruled that such expansion was unnecessary "to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather—the Court must simply make a call on the law." *Id.* at p.5:16-18. However, the Fifteenmile HMAP is not being provided for such purpose. Rather, as discussed above in Section II.A., the Fifteenmile HMAP provides necessary background information to assist the Court in understanding the content of HMAPs in comparison to Gather-EAs. It demonstrates that the Pancake Gather-EA does not consider the same substantive factors that would be addressed if the BLM issued an HMAP, including factors related to herd health. And, it demonstrates that the HMAP process does provide a unique opportunity for public comment that was not achievable through the Pancake Gather-EA process. Defendants do not—and cannot—articulate why the Court should not rely on this evidence as background information necessary to determine whether the agency considered all relevant factors.

//

//

//

5  Reply in Support of Plaintiffs' Motion for Judicial Notice

### III. Conclusion

For the foregoing reasons, Plaintiffs request that the Court take judicial notice of the Fifteenmile HMAP.

DATED: August 30, 2023                        Respectfully Submitted,

<u>s/ Danielle M. Holt</u>
Danielle M. Holt
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
(702) 222-9999
danielle@decastroverdelaw.com

<u>/s/ Jessica L. Blome</u>
Jessica L. Blome
(Cal. Bar No. 314898, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I electronically filed the foregoing Reply in Support of Plaintiffs' Motion for Judicial Notice with the Clerk of the U.S. District Court in the District Court of Nevada using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

<i>/s/ Jessica L. Blome</i><br>
Attorney for Plaintiffs