1 | DANIELLE M. HOLT
(Nevada Bar No. 13152)
2 | DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
3 | Las Vegas, NV 89104
Ph (702) 222-9999
4 | Fax (702) 383-8741
danielle@decastroverdelaw.com
5 |

6 | JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
7 | J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
8 | GREENFIRE LAW, PC
2748 Adeline Street, Suite A
9 | Berkeley, CA 94703
(510) 900-9502
10 | jblome@greenfirelaw.com
rlovko@greenfirelaw.com
11 |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANIMAL WELLNESS ACTION, a non-profit corporation, CANA FOUNDATION, a non-profit corporation, THE CENTER FOR A HUMANE ECONOMY, a non-profit corporation, LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,

            Plaintiffs,

            v.

UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management, and the

            Defendants.

Case No. 3:22-cv-00034

**PLAINTIFFS' SUPPLEMENTAL REPLY IN ACCORDANCE WITH THIS COURT'S FEBRUARY 22, 2024 ORDER (ECF No. 77)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>Table of Contents</u>**

I.   Introduction ...................................................................................................... 5

II.  Argument ......................................................................................................... 6

   A.   Defendants improperly frame the analysis. ........................................... 6

   B.   Application of the TRAC Factors supports a finding of unreasonable delay. ................... 7

       1.   Defendants have a duty to create HMAPs. ............................................... 8

       2.   The First and Second TRAC Factors support a finding of unreasonable delay...... 9

       3.   The Third and Fifth TRAC Factors support a finding of unreasonable delay. ..... 10

       4.   The Fourth TRAC Factor supports a finding of unreasonable delay.................. 11

III. Conclusion ...................................................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Authorities**

**Cases**

*Adnan Ahmed v. United States Dep't of State*,
  2024 U.S. Dist. LEXIS 14461 (N.D. Cal. Jan. 26, 2024) ........................................... 8

*Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166 (9th Cir. 2002 ....................................... 4, 5

*Cmty. Voice v. United States EPA*, 878 F.3d 779 (9th Cir. 2017) .................................................. 7

*Dawod v. Garland*, 2023 U.S. Dist. LEXIS 212848 (C.D. Cal. Oct. 12, 2023) ........................... 8

*Doe v. Risch*, 398 F. Supp. 3d 647 (N.D. Cal. 2019).................................................................. 5, 8

*In re A Cmty. Voice*, 878 F.3d 779 (9th Cir. 2017).......................................................................... 9

*In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413 (D.C. Cir. 2004) .................................... 9

*In re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000) ........................................................... 9

*In re Int'l Chem. Workers Union*, 958 F.2d 1144 (D.C. Cir. 1992)................................................ 9

*In re Pesticide Action Network*, 798 F.3d 809 (9th Cir. 2015) ...................................................... 9

*Independence Mining Co. v. Babbitt*, 105 F.3d 502 (9th Cir. 1997) .......................................... 6, 8

*Independence Mining Co. v. Babbitt*, 885 F. Supp. 1356 (D. Nev. 1995).................................... 8

*Lyons v. United States Citizenship & Immigration Servs.*,
  2023 U.S. Dist. LEXIS 4509 (S.D.N.Y. Jan. 10, 2023) ........................................... 10

*NRDC v. United States EPA (In Re NRDC)*, 956 F.3d 1134 (9th Cir. 2020) ........................... 8, 9

*Pac. Molasses Co. v. Fed. Trade Com.*, 356 F.2d 386 (5th Cir. 1966)......................................... 5

*Service v. Dulles*, 354 U.S. 363 (1957)......................................................................................... 5

*Sierra Club v. Gorsuch*, 715 F.2d 653 (D.C. Cir. 1983)............................................................... 6

*Singh v. Napolitano*, 909 F. Supp. 2d 1164 (E.D. Cal. 2012)....................................................... 8

*Telecommunications Research & Action v. FCC (TRAC)*,
  242 U.S. App. D.C. 222 (D. C. Cir. 1984)....................................................... 4, 6

*Vaz v. Neal*, 33 F.4th 1131 (9th Cir. 2022) ......................................................................... 5, 7, 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **Statutes**

16 U.S.C. § 1331 ................................................................................................ 9, 10

5 U.S.C. § 706(1) ............................................................................................ 4, 5, 9

### **Regulations**

43 C.F.R. § 4710.3-1 ......................................................................................... 7, 11

43 C.F.R. § 4710.4. ........................................................................................... 7, 11

1

**I.        Introduction**

2

Plaintiffs' Second Cause of Action is based upon Section 706(1) of the Administrative

3

Procedure Act (APA) and avers that "Defendants have unlawfully withheld or unreasonably

4

delayed their mandatory duty to prepare an HMAP for the Pancake Complex of Herd

5

Management Areas or for the individual herd management areas that make up the Complex." *See*

6

Dkt 31 at ¶ 121. Though Defendants apparently wish that Plaintiff had linked this unreasonable

7

delay claim to their management decisions, the plain text of Plaintiffs' Second Cause of Action

8

does no such thing. Rather, Plaintiffs allege that Defendants have unreasonably delayed a

9

mandatory duty for thirty-eight years at the time of this writing. The regulations mandating that

10

BLM create HMAPs were adopted in 1986. *See* Dkt 65 at p. 18. Since that time, BLM has

11

refused to create any HMAP for the Pancake Complex or the individual herd management areas

12

within the Complex. *See* Dkt 65 at p. 25; Dkt 71 at p. 13.

13

Where agency inaction has occurred in the face of a mandatory deadline, courts look at

14

whether the action has been unlawfully withheld; where agency inaction has occurred in the face

15

of a discretionary deadline, courts look at whether the action has been unreasonably delayed. *See*

16

*Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1177 n.11 (9th Cir. 2002).  Plaintiffs'

17

Second Cause of action alleges both, so this Court must analyze Defendants' thirty-eight year

18

delay under both tests.[1]

19

Analysis of whether an action is unreasonably delayed takes into consideration the TRAC

20

factors elucidated in *Telecommunications Research & Action v. FCC (TRAC)*, 242 U.S. App.

21

D.C. 222 (D. C. Cir. 1984). Plaintiffs and Defendants addressed the TRAC factors in their initial

22

motions and responses. *See* Dkt 64 at pp. 23-25; Dkt 70 at pp. 17-20; Dkt 71 at pp. 12-14; Dkt 73

23

at pp. 12-14. On February 22, 2024, this Court issued an order to allow supplemental briefing on

24

25

26

27

---

[1] Plaintiffs argue that the implementing regulations of the Wild Free-Roaming Horses and Burros Act (WHA) establish a duty with a mandatory deadline. As such, the "unlawfully withheld" prong of Section 706(1) applies. However, should this Court believe the deadline is discretionary and the "unreasonably delayed" prong of Section 706(1) governs, Plaintiffs should prevail based upon application of the TRAC factors. *See* Dkt 64 at pp. 23-25; Dkt 71 at pp. 12-14.

28

1    application of the TRAC factors only. *See* Dkt 77. Despite being given this opportunity to

2    provide additional facts and argument, Defendants supplemental response merely repeats the

3    content of their earlier briefing. BLM offers no reason for its thirty-eight year delay in creating

4    HMAPs for the Pancake Complex or herd management areas in the Complex. Caselaw

5    supporting Plaintiffs' position, as cited in earlier briefing, is ignored by Defendants.

6         Because BLM's regulations "must be scrupulously observed." *Pac. Molasses Co. v. Fed.*

7    *Trade Com.*, 356 F.2d 386, 389-90 (5th Cir. 1966) citing *Service v. Dulles*, 354 U.S. 363 (1957)

8    the Court must find that that Defendants' inaction constitutes unreasonable delay and grant

9    Plaintiffs' summary judgment on their Second Cause of Action.

10   **II.    Argument**

11        **A.    Defendants improperly frame the analysis.**

12        Defendants have repeatedly tried to frame Plaintiffs' unreasonable delay claim as

13   focusing on whether BLM should have prepared an HMAP *prior to* conducting a gather. *See* Dkt

14   70 at pp. 18-19; Dkt 73 at p. 13; Dkt 78 at pp. 2-3. Plaintiffs' Second Cause of Action, as alleged

15   in their First Amended Complaint, simply does not frame the Section 706(1) claim in the manner

16   suggested by Defendants. *See* Dkt 31 at ¶ 121. Plaintiffs pointed this out in their Opening Brief:

17            However, even if the court were to find that the application of TRAC
18            factors is warranted, the requested relief should still be granted.  The first
              and second TRAC factors considers whether the time for agency action
19            has been reasonable. *See Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir.
              2022); *Doe v. Risch*, 398 F. Supp. 3d 647, 656-657 (N.D. Cal. 2019). In
20            this case, BLM has refused to create an HMAP, and this refusal occurred
              despite the public asking it to honor its statutory duty to create one. *See*
21            e.g., AR3184-86, 3382-86. Indeed, in responding to such request, BLM
              refused to explain why it has not created one. *See* AR3654-3692.
22
23   Dkt. 64, p. 31-32.

24        Plaintiffs also pointed this out in their Reply Brief:

25            While it is true that the unlawfully withheld prong of Section 706(1)
              focuses on [Defendants' duty to prepare an HMAP *prior to* conducting a
26            gather], analysis under the unreasonably delayed prong does not. This is
              necessarily so because the unreasonably delayed prong is only addressed
27            where no specific deadline exists. *See Biodiversity Legal Found.*, 309
              F.3d at 1177 n.11.
28

Dkt. 71 at p. 14.

The Court should not adopt Defendants' framing of Plaintiffs' Second Cause of Action.

**B.    Application of the TRAC Factors supports a finding of unreasonable delay.**

For cases involving action "unreasonably delayed," courts balance the following "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n. 7 (9th Cir. 1997) (quoting *Telecommunications Research & Action v. FCC (TRAC)*, 242 U.S. App. D.C. 222, (D. C. Cir. 1984) (cleaned up)[2].

---

[2] Defendants argue that application of the TRAC factors should afford agencies considerable deference when determining whether or not inaction is unreasonable. *See* Dkt 78 at p. 1 (citing *Sierra Club v. Gorsuch*, 715 F.2d 653, 659 (D.C. Cir. 1983)). The *Sierra Club* case involved review of the EPA's rulemaking under the Clean Air Act, focusing on the validity of promulgated regulations that identified "categories of sources whose fugitive emissions would be taken into account in determining whether a source is a major emitting facility." *See Sierra Club*, 715 F.2d at 655. Strip mines were not included as a category, and Plaintiffs argued that the EPA's decision to not include strip mines was arbitrary and capricious. *See id.* at 661.

The *Sierra Club* case did not address the TRAC factors nor was the Court's review based on Section 706(1) of the APA. The issue of delayed action did arise, however, because the EPA argued its rulemaking was not a final action; strip mines might subsequently be added to the fugitive emissions category list. *See id.* at 656-658. In response to this argument, the Court stated:

> Although EPA's position -- that final action has not been taken -- does not affect our jurisdiction, it does affect our standard of review. Absent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable of a rulemaking proceeding is entitled to considerable deference. Such deference derives from an agency's discretion to set its own priorities, which may reflect a variety of factors outside the focus of a rulemaking. For this reason, our review of delayed action in rulemaking is of necessity limited to examining an agency's reasons for deferred action and determining whether that delay is inconsistent with the agency's discretion under the applicable statutory scheme. That **review must be undertaken vigorously**, however, for it must enable reviewing courts to evaluate claims -- like the one made by petitioner here

1                  1.    <u>Defendants have a duty to create HMAPs.</u>

Under the guise of addressing the first and second TRAC factors, Defendants defend their inaction by arguing that they have no legal duty to create HMAPs. *See* Dkt 78 at pp. 3-6[3].  As such, they contend their inaction is reasonable, and to find otherwise would "thwart the regulatory scheme." *Id.* at p. 4.

Plaintiffs have extensively briefed this issue in their Motion for Summary Judgment and Reply thereto. *See* Dkt 64, Dkt 71. To summarize, BLM's regulations state that the agency "shall" prepare HMAPs. 43 C.F.R. §4710.3-1. Management of wild horses and burros "shall be at the minimum level necessary to attain the objectives identified in approved land use plans and herd management area plans." 43 C.F.R. §4710.4. This mandatory language clearly establishes a duty to create HMAPs.

BLM concedes that the regulations "contemplate the preparation of HMAPs" as "a management tool to seek to prevent overpopulation." Dkt 78 at pp. 4-5. Yet, BLM nevertheless concludes that it has no duty to ever actually prepare any HMAPs, largely based on its position that the regulations do not provide a timetable by which HMAPs must be created.  *See id.* This is nonsensical. The fact that the implementing regulations do not provide a detailed timetable is irrelevant to analysis under Section 706(1)'s unreasonably delayed prong. *See Vaz v. Neal*, 33 F.4th 1131, 1136-37 (9th Cir. 2022) (where regulations do not identify a certain deadline for agency action, the APA requires that the action be done "within a reasonable time); *Dawod v.*

-- that an agency is preventing review of a decision not to regulate by indefinitely insisting that final action has been deferred. **Judicial review of decisions not to regulate must not be frustrated by blind acceptance of an agency's claim** that a decision is still under study.

*Id* at 658-69 (emphasis added). Thus, to the extent the case has any relevance, it does not stand for the proposition that the TRAC factors should afford agencies considerable deference when determining whether or not inaction is unreasonable. Instead, the review must be thorough and not blindly accepting of an agency's rationale.

[3] Defendants argument is not related to the TRAC factors, but instead it is based on whether they have a duty to create HMAPs. *See Cmty. Voice v. United States EPA*, 878 F.3d 779, 784 (9th Cir. 2017) (noting that before applying the TRAC factors, it is necessary to determine whether an agency has a duty to act).

1   *Garland*, 2023 U.S. Dist. LEXIS 212848, at *7 (C.D. Cal. Oct. 12, 2023) (where a duty exists,

2   the APA "demands that action be done within a reasonable time"); *Singh v. Napolitano*, 909 F.

3   Supp. 2d 1164, 1176 (E.D. Cal. 2012) (where Congress has not provided a timetable for action,

4   agencies must act "within a reasonable time").

5                2.    <u>The First and Second TRAC Factors support a finding of unreasonable</u>
                       <u>delay.</u>

6

7          The first and second TRAC factors focus on whether the time of agency action has been

8   reasonable. *See Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022); *Doe v. Risch*, 398 F. Supp. 3d

9   647, 656-657 (N.D. Cal. 2019). "Reasonable" means "expeditious." *Independence Mining Co. v.*

10  *Babbitt*, 885 F. Supp. 1356, 1364 (D. Nev. 1995), *aff'd sub nom. Indep. Min. Co.*, 105 F.3d 502. The

11  most important TRAC factor is the first one – the "rule of reason" factor. *See Vaz*, 33 F.4th at

12  1138; *NRDC v. United States EPA (In Re NRDC)*, 956 F.3d 1134, 1139 (9th Cir. 2020)[4].

13         Here, more than thirty-eight years have passed since BLM adopted the regulations

14  mandating creation of HMAPs. Despite being asked repeatedly to create an HMAP for the

15  Pancake Complex, Defendants have refused to address when (if ever) an HMAP will be created.

16  *See* Dkt 64 at p. 25. Defendants allege this delay is reasonable because "[r]equiring BLM to

17  prepare an HMAP before a gather would increase the regulatory burden on BLM." Dkt 78 at p.

18  5. As addressed above in Section II.A., the unreasonable delay analysis does not focus on

19  whether or not an HMAP must be created *before* a gather. Instead, Plaintiffs argue that delaying

20  action for more than thirty-eight years constitutes unreasonable delay. The record does not

21  contain any evidence to support the conclusion that compelling agency action would unduly

22  burden the BLM and its resources. Instead, the record shows that BLM has the ability to create

23  HMAPs. *See* Dkt 64 at p. 25.

24         Defendants next argue that compelling BLM to prepare an HMAP could "create

25  confusion where Congress and the agency have spoken clearly, and potentially lead to greater

26  ────────────────

27  [4] Where Congress does not provide a timeline, the second TRAC factor does not weigh in favor of
    plaintiffs or defendants; it is neutral. *See Adnan Ahmed v. United States Dep't of State*, 2024 U.S. Dist.
    LEXIS 14461, at *13 (N.D. Cal. Jan. 26, 2024).

28

overpopulation problems." Dkt 78 at p. 5. Again, Defendants framing of the issue is incorrect, as addressed above in Section II.A. Further, Defendants address the WHA as if its main goal is the removal of excess horses. But, the Act was primarily designed to protect wild free-roaming horses as an integral part of the natural system of public lands. *See* 16 U.S.C. § 1331. Gather operations are only one tool that can be used to meet the protection-based goals of the WHA. Also, Defendants admit that HMAPs are a tool designed to assist in management decisions addressing overpopulation. *See* Dkt 78 at p. 5.

Defendants note that relief under Section 706(1) of the APA is appropriate only in exceptional circumstances where the delay is egregious. In support of this statement, they cite to *In Re NRDC*, 956 F.3d at 1138. *See* Dkt 78 at p. 1. However, in that case, the Ninth Circuit also noted that "a reasonable time for agency action is typically counted in weeks or months, not years." *In Re NRDC*, 956 F.3d at 1139. Where delay has been for multiple years, courts routinely find unreasonable delay. *See, e.g., In re A Cmty. Voice*, 878 F.3d 779, 783–84 (9th Cir. 2017) (eight-year delay unreasonable); *In re Pesticide Action Network*, 798 F.3d 809, 815 (9th Cir. 2015) (after eight years and without a "concrete timeline" for action, agency had "stretched the 'rule of reason' beyond its limits"); *In re Core Communs., Inc.*, 531 F.3d 849, 857 (2008) (six-year delay unreasonable);  *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (agency's "six-year-plus delay is nothing less than egregious"); *In re Bluewater Network*, 234 F.3d 1305, 1316 (D.C. Cir. 2000) (nine-year delay unreasonable); *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1150 (D.C. Cir. 1992) (six-year delay unreasonable). The Defendants do not address any of these cases in their supplemental response.

Why has BLM repeatedly ignored its duty to create an HMAP for the Pancake Complex? What reasonable justification do Defendants offer for its thirty-eight year delay in producing an HMAP?  Defendants have offered no reason for the delay. Instead, they remain entrenched in the position that BLM has no obligation to ever create an HMAP.

        3.     <u>The Third and Fifth TRAC Factors support a finding of unreasonable delay.</u>

The third and fifth TRAC factors focus on human health and welfare, as well as the

nature and extent of the interests prejudiced by the delay. *See Doe*, 398 F. Supp. 3d at 657. Here, the WHA's main interest is to protect wild horses, with a recognition that such interest is "an integral part of the natural system of the public lands." 16 U.S.C. §1331. Further, Congress recognized that this interest is important to "enriching the lives of the American people." *Id*. By not creating an HMAP for the Pancake Complex, BLM's actions do not consider the full range of management options available to protect wild horses, and delay goes against the interests specifically elucidated by Congress. In addition, the public is harmed by Defendants' delay because they have not been given the opportunity to participate in the formulation of the full range of management options available to protect wild horses.

4.   The Fourth TRAC Factor supports a finding of unreasonable delay.

The fourth TRAC factor examines the effect of compelling action on other agency activities or priorities. See *Doe*, 398 F. Supp. 3d at 658. Defendants argue that requiring creation of an HMAP "could" impact public lands by delaying BLM's ability to remove excess wild horses immediately. *See* Dkt 78 at pp. 9-10. This hypothetical impact is connected to Defendants incorrect position that Plaintiffs' unreasonable delay claim is based on requiring the creation of HMAPs prior to gather operations. Again, Plaintiffs' claim is based on Defendants' thirty-eight year delay and focuses on now expediting HMAP creation.  Such expedition need not be connected to future gather operations.

Defendants offer no evidence that expediting HMAP creation would impact any other agency priorities, in error. *See Lyons v. United States Citizenship & Immigration Servs.*, 2023 U.S. Dist. LEXIS 4509, at *21 (S.D.N.Y. Jan. 10, 2023) (noting that Defendants must produce evidence and not just aver that a negative impact will occur). BLM has done HMAPs for other herd management areas without any drastic effect on the agency's priorities, and Defendants have not shown that they cannot do so here.

**III.   Conclusion**

BLM adopted regulations to implement the WHA with the intent of clarifying management procedures. Toward this end, the regulations require BLM to create and consider

1   HMAPs. *See* 43 C.F.R. §§4710.3-1-4710.4. By adopting these management procedures, the

2   public is allowed a meaningful opportunity to participate in the scope and substance of HMA

3   goals, thereby meeting the intent of the regulations. Plaintiffs therefore request that the Court

4   order Defendants to immediately begin preparation of an HMAP for the Pancake Complex.

5
6   DATED: March 14, 2024                    Respectfully Submitted,

7                                            *s/ Danielle M. Holt*
                                             Danielle M. Holt
8                                            (Nevada Bar No. 13152)
                                             DE CASTROVERDE LAW GROUP
9                                            1149 S Maryland Pkwy
                                             Las Vegas, NV 89104
10                                           (702) 222-9999
11                                           danielle@decastroverdelaw.com

12                                           */s/ Jessica L. Blome*
                                             Jessica L. Blome
13                                           (Cal. Bar No. 314898, admitted pro hac vice)
                                             J. RAE LOVKO
14                                           (Cal. Bar No. 208855, admitted pro hac vice)
                                             GREENFIRE LAW, PC
15                                           2748 Adeline Street, Suite A
16                                           Berkeley, CA 94703
                                             (510) 900-9502
17                                           jblome@greenfirelaw.com
                                             rlovko@greenfirelaw.com
18
19                                           *Attorneys for Plaintiffs*

20
21
22
23
24
25
26
27
28

Plaintiffs' Supplemental Reply in Accordance with Court's February 22, 2024 Order          12